**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| **TODD HENSLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **6:25-CV-00087-LS-DNM** |
| | § | |
| **FARMERS CASUALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**TO:    THE HONORABLE LEON SCHYDLOWER,**
**UNITED STATES DISTRICT JUDGE,**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636,

FED. R. CIV. P. 72, and Appendix C of the Local Rules of the United States District Court for the

Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate

Judges. Before the Court is Farmers Casualty Insurance Company's Motion for Summary

Judgment. Dkt. No. 17. For the reasons that follow, the Court **RECOMMENDS** that the Motion

be **DENIED**.

**BACKGROUND**

On July 19, 2023, while on active duty, Sergeant Todd Hensley was stopped in the

outside lane of W. Tank Destroyer Boulevard at its intersection with North Clark Road on Fort

Cavazos, Texas, facing a green signal to proceed straight when an H.E.T. military truck pulling a

tank, owned by the United States and driven by Private Nigel Cox, began a wide protected-arrow

left turn onto northbound North Clark Road and the trailer swung into and struck the side of Hensley's 2015 Nissan Altima. Dkt. No. 21 at 1–2; *Id.*, Ex. 1 at 1–2. At the time of the accident, Hensley was a covered insured under an automobile policy issued by Farmers Casualty Insurance Company ("Farmers Casualty") to him and his spouse. Dkt. No. 1, Ex. 3 at 6–7. These facts are largely undisputed by the Parties. The Policy consists of an "E-Z Reader Car Policy" section that sets out the core coverages, definitions, conditions, and exclusions, and an endorsement section that further modifies and supplements those terms. Dkt. No. 17, Ex. 2. After the Army denied Hensley's administrative claim based on the *Feres* doctrine, Hensley sued Farmers Casualty pursuant to the Uninsured/Underinsured coverage provided under his automobile liability policy. Dkt. No. 21 at 1–3; *Id.*, Ex. 2 at 1–2. Farmers Casualty contends that there is no coverage for this incident because the policy excludes any vehicle owned by a governmental unit or agency from the definition of "uninsured motor vehicle." Dkt. No. 17 at 1, 5–7.

On February 10, 2026, the Court noticed Farmers Casualty Insurance Company's Motion for Summary Judgment for an in-person hearing. Plaintiff's counsel appeared at the hearing. Farmers Casualty's counsel did not appear.

## RELEVANT LAW

A court shall grant summary judgment if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). The summary judgment standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (emphasis

removed from original). Courts are required to "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (citation omitted). To obtain summary judgment, "the movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists." *Halo Mining Ltd. v. NorthData Holdings, Inc.*, Civil Action No. 4:24-CV-00090-O, 2026 U.S. Dist. LEXIS 61810, at *8 (N.D. Tex. Mar. 24, 2026) (citation omitted).

## ANALYSIS

In its Motion for Summary Judgment, Farmer Casualty's argues that Hensley's claim is excluded from coverage because the accident involved a vehicle owned by the United States and the Farmers Casualty policy excludes accidents involving government-owned vehicles from the definition of an "uninsured motor vehicle." Dkt No. 17 at 6. While that limitation appears in the underlying "E-Z Reader Car Policy" language, it is amended by the Endorsement Amending Uninsured Motorist Coverage – Missouri (MO024 – 2nd Edition), and adopted to the definition of underinsured motorist through the Endorsement Adding Underinsured Motorist Coverage - Missouri (MO025 - 2nd Edition). *Id.*, Ex. 2 at 48–59. Under the Policy, the "E-Z Reader Car Policy" section provides that an "Uninsured motor vehicle" does not include a vehicle "owned by a governmental unit or agency." *Id.* at 16–17. The Policy's endorsements, however, amend the definition of "Uninsured motor vehicle" by deleting the Uninsured and Underinsured Motorist coverage provisions in the "E-Z Reader Car Policy" in their entirety and replacing them with the endorsements' language, which omits the exclusion for vehicles owned by governmental units or agencies for both the Uninsured and Underinsured Motorist definitions. *Id*. As a result, the new language, set out in the endorsement, does not exclude accidents with government owned

vehicles from coverage under the Uninsured/Underinsured Motorist coverage. That means that the exception claimed and cited by Farmers Casualty does not apply because it was deleted by the MO024 and MO025 endorsements.

Because the policy language cited by Farmers Casualty in support of its Motion for Summary Judgment is deleted by the MO024 and MO025 endorsements, that language will not support summary judgment. Moreover, the endorsement language that replaces the language Farmers Casualty relies upon does not include similar language. As a result, Farmers Casualty's purported basis for its summary judgment does not exist. Because counsel for Farmers Casualty did not appear at the noticed hearing, Famers did not offer any response to the Court's questions regarding the forgoing and thus did not contest any of the policy language removing the government exclusion. Accordingly, Farmers Casualty's Motion for summary Judgment should be **DENIED**.

## **OBJECTIONS**

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** this 17th day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE